Dismissed and Memorandum Opinion filed June 22, 2006









Dismissed and Memorandum Opinion filed June 22, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-06-00298-CV

______________

 

MOHAMMAD WAQAR D/B/A J & M
GROCERY STORE, Appellant

 

V.

 

ROBERT FOSTER, Appellee

 



 

On
Appeal from the County Civil Court at Law No. 1

Harris
County, Texas

Trial
Court Cause No. 835756

 



 

M E M O R A N D U M   O P I N I O N








This is an appeal from a judgment signed November 30,
2005.  Appellant filed a timely motion
for new trial on December 30, 2005.  When appellant has
filed a timely motion for new trial, motion to modify the judgment, motion to
reinstate, or request for findings of fact and conclusion of law, the notice of
appeal must be filed within ninety days after the date the judgment is signed. See
Tex. R. App. P. 26.1(a).  The notice of appeal was therefore due
February 28, 2006.  See Tex. R. App. P. 26.1.  Appellant filed his notice of appeal
on March 30, 2006, a date more than fifteen days after the due date for the
notice of appeal.  See Verburgt v.
Dorner, 959 S.W.2d 615, 617 (Tex. 1997) (holding that a motion for
extension of time is Anecessarily implied@ when the perfecting instrument is
filed within fifteen days of its due date). 

Accordingly, on May 24, 2006, this court notified appellant
that the notice of appeal was untimely and the appeal was subject to dismissal
for want of jurisdiction.  See Tex. R. App. P. 42.3(a).  Appellant filed a response on June 7, 2006,
in which he stated that his notice of appeal had been filed within ninety days
of the filing of his motion for new trial.  (emphasis supplied).  The time for perfecting an appeal begins with
the signing of the judgment, not the filing of a motion for new trial.  See Tex.
R. App. P. 26.1(a).  Therefore,
appellant=s argument does not support this
court=s jurisdiction over the appeal.

Appellant also asserted that he is appealing from a default
judgment, and therefore, he is entitled to file a restricted appeal within six
months of the judgment.  See Tex. R. App. P. 26.1(c).  To be entitled to file a restricted appeal,
not only must the party have failed to participate at trial, but the party must
also have failed to file a timely postjudgment motion or request for findings
of fact and conclusions of law.  Tex. R. App. P. 30.  Here, appellant filed a timely motion for new
trial.  For this reason, appellant is not
entitled extend the time for filing his notice of appeal to the six-month
period for filing a restricted appeal.

We conclude that this court lacks
jurisdiction over the appeal. 
Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment
rendered and Memorandum Opinion filed June 22, 2006.

Panel consists
of Chief Justice Hedges and Justices Yates and Guzman.